No. 9:15 – cv-80328-KAM
In the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**DAVID A. FAILLA and**
**DONNA N. FAILLA,**

*Appellants,*

v.

**CITIBANK, N.A., AS TRUSTEE FOR THE**
**CERTIFICATE HOLDERS OF STRUCTURED ASSET**
**MORTGAGE INVESTMENT II INC., BEAR STEARNS**
**ALT-A TRUST, MORTGAGE PASS-THROUGH**
**CERTIFICATES SERIES 2006-7,**

*Appellee.*
_____ /

On Appeal from the United States Bankruptcy Court
For the Southern District of Florida
(Bankruptcy Docket No. 11-34324-PGH)

====================================================================
**APPELLANTS DAVID AND DONNA FAILLA'S MOTION TO EXTEND TIME TO**
**FILE APPELLANT'S PRINCIPAL BRIEF**
====================================================================

**COMES NOW,** the above captioned appellants, David A. Failla and Donna N. Failla ("Appellants") by their undersigned counsel, Michael E. Zapin, Esq. (LAW OFFICES OF MICHAEL E. ZAPIN) and file this motion to extend their time to file Appellants' brief up through and including May 4, 2015, and respectfully set forth the following:

## I. BACKGROUND

1. Appellants filed their Notice of Appeal with the U.S. Bankruptcy Court of the Southern District of Florida ("lower court"), and same was transmitted by the Clerk thereof, to this Court [DE 1 herein].

2. A motion was previously made and granted by the lower court, extending Appellants time to file their Notice of Appeal [DE 2-2 herein].

3. Appellants subsequently and timely filed in the lower court on 3-10-2015, their Statement of Issues to Be Addressed on Appeal [DE 5-1, lower court docket entry #98] and Designation of Items to Be Included on Appeal [DE 5-1, lower court docket entry #97].

4. The lower court clerk transmitted a "Supplemental Record to the District Court" on 3-27-2015 [DE 5] which *should* have contained all of the items Appellants designated in their "Designation of Items."

5. On March 30, 2015, the Clerk of the Court docketed "Bankruptcy Notice of Entry pursuant to Rule 8018 and NOTICE TO ATTORNEY" which triggered the briefing schedule for appellants and appellee [DE 6]. Pursuant to the docketing of such event, Appellant's deadline to file their brief would generally be up through today, April 29 2015.

## II. REASON FOR EXTENSION: RECORD *NOT* COMPLETE (No Fault of the Parties)

6. Appellants discovered today that numerous items that Appellants had designated for inclusion on the record of appeal were inadvertently omitted by the lower court clerk. Undersigned counsel spoke with representatives of both clerk's offices (District Court

Clerk representative "Landers" and lower court Clerk representatives "Randy" and "Dawn Leonard") to verify that this was so.

7. In response to counsel's telephone calls, Ms. Leonard, later this afternoon, prepared and docketed an additional "Supplemental Transmittal of Designated Record" [DE 7].

8. Undersigned counsel lost valuable hours trying to decipher which items of the record were included and which items were not included, and the time expended hampered counsel's ability to complete appellants' brief within the time counsel had allocated to such matter.

9. In *Morris v. Ark Valley Credit Union*, 2015 U.S. Dist. LEXIS 43489, the court dealt with a similar issue, where, notwithstanding the lower court's docketing of the record on appeal, such record was missing a transcript that had been designated by the appellant. The *Morris* court:

> The time limits specified in Bankruptcy Rule [8018(a)] for filing briefs shall apply in appeals to the District Court unless the court fixes different limits in a specific case on its own motion or the motion of a party in interest." D. Kan. Rule 83.8.10(b)(2) (referencing old Rule 8009(a), now Rule 8018(a)); Fed. R. Bankr. P. 8018(a)….
>
> … The transcript has not yet been transmitted to and docketed in this court. The record on appeal is thus incomplete. *The briefing schedule under Rule 8010 will begin only when a copy of the transcript is docketed and electronically available in this court. Appellant will have 30 days from such time to file his initial brief in this appeal*. [emph. added].

10. Undersigned counsel has conferred with counsel for Appellee (Jonathan Sykes, Esq.) who advised undersigned counsel that he would not oppose the instant motion if narrowly tailored to a May 4, 2015 deadline for the filing of Appellants' brief.

11. Notwithstanding that the circumstances described herein may or may not have given rise to a new 30 day extension/schedule as set out in the *Morris* case, both counsel for Appellants and Appellee agree that the requested extension up through May 4, 2015 is fair and reasonable under the circumstances.

**WHEREFORE**, for all of the forgoing reasons, it is respectfully requested that this Court issue an Order granting Appellants' motion to extend their time up through and including May 4, 2015, and that the timetable for Appellee's brief (as well as Appellants' reply) be adjusted in accordance, along with such other and further relief that the Court deems just and proper.

**Respectfully submitted,**

*/s/ Michael E. Zapin*
Michael E. Zapin, Esq.
Fl. Bar No. 0037264
**LAW OFFICES OF MICHAEL E. ZAPIN**
**Counsel for Appellants**

20283 State Rd. 7
Suite 400
Boca Raton, FL 33498
Tel. 561.367.1444
Fax. 561.336.9225
michaelezapin@gmail.com