**No. 9:15 – cv-80328-KAM**
In the
**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**DAVID A. FAILLA and
DONNA N. FAILLA,**

*Appellants,*

v.

**CITIBANK, N.A., AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF STRUCTURED ASSET MORTGAGE
INVESTMENT II INC., BEAR STEARNS ALT-A TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-7,**

*Appellee.*
_____ /

On Appeal from the United States Bankruptcy Court
For the Southern District of Florida
(Bankruptcy Docket No. 11-34324-PGH)

**APPELLANTS DAVID AND DONNA FAILLA'S PRINCIPAL BRIEF ON
APPEAL**

**Counsel for Appellant**

Michael E. Zapin, Esq.
Fl. Bar No. 0037264
LAW OFFICES OF MICHAEL E. ZAPIN
20283 State Rd. 7
Suite 400
Boca Raton, FL 33498
Tel. 561.367.1444
Fax. 561.336.9225
michaelezapin@gmail.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS …………………………………………….…………………………………. i

TABLE OF AUTHORITIES …………………………………………………………………………….. iii

JURISDICTIONAL STATEMENT ……………………………………………………………. ………… 1

STATEMENT OF ISSUES PRESENTED …………………………………...…………………………………...… 3

STATEMENT OF FACTS ……………………………………………..…………………..…… 8

SUMMARY OF ARGUMENT ……………………………………………………………...………. 11

**ARGUMENT 1**

THE LOWER COURT COMMITTED REVERSIBLE ERROR BY FINDING AS A MATTER OF LAW, THAT THE APPELLANTS WERE REQUIRED IN A CHAPTER 7 CASE UNDER 11 U.S.C. § 521(A)(2) (BASED ON THEIR FILED "STATEMENT OF INTENTION") TO "SURRENDER" THE PROPERTY TO THE APPELLEE-SECURED CREDITOR, RATHER THAN TO THE CHAPTER 7 TRUSTEE, AS THE APPELLANTS MAINTAINED THEY DID

…………………………………………………………………….………. 14

**ARGUMENT 2**

THE LOWER COURT COMMITTED REVERSIBLE ERROR BY VIRTUALLY IGNORING 11 U.S.C. § 554(c) IN ITS ENTIRETY, AND THE RAMIFICATIONS OF WHAT AN

ABANDONMENT BACK TO THE DEBTOR ACTUALLY MEANS.

……………………………………………………………….........   22


CONCLUSION

…………………………………………………………...………   25

# TABLE OF AUTHORITIES

**CASES**:                                                                      **Page**


Brown v. O'Keefe, 300 U.S. 598, 602, 81 L. Ed. 827,

57 S. Ct. 543 (1937) ……………………………………………….          23

Dewsnup v. Timm (In re Timm), 908 F.2d 588, 590 (10th Cir. 1990)
……….……………………………………………………….          22, 24

Gasprom, Inc. v. Fateh (In re Gasprom, Inc.), 500 B.R. 598, 2013 Bankr.

LEXIS 4604, Bankr. L. Rep. (CCH) P82,531

……………………………………………………….…          24

Huren v. Emplrs Mut. Cas. Co., 2008 U.S. Dist. LEXIS 88271

(W.D. La. Oct. 21, 2008)

…………………………………………….………………..          23

In re Cornejo, 342 B.R. 834, 837 (Bankr. M.D. Fla. 2005)
………………………………………………………………….          21

In re Cruseturner, 8 B.R. 581, 591 (Bankr. D. Utah 1981)
…………………………………………………………..          23

In re CVA Gen. Contractors, Inc., 267 B.R. 773, 780 n. 7

(Bankr. W. D. Tex. 2001) ……………………………………          23

In re Jandous Electric Constr. Corp., 96 B.R. 462, 1989 Bankr.

LEXIS 288 (Bankr. S.D.N.Y. 1989)

…………………………………………………………..          23

In re In re Lair, 235 B.R. at 22

……………………………………………...………………..……          23

iii

In re Steinberg, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011)

……………….…………………………………………………….        21

In re Taylor, 3 F.3d 1512, 1516 (11th Cir. 1993)

………………………………………………….……….        21

In re Tobacco Rd. Assocs., LP, 2007 U.S. Dist. LEXIS 22990,

2007 WL 966507 (E.D. Pa. Mar. 30, 2007)

……………………………………………………….        3

Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 2008 U.S. App.

LEXIS 14904, Bankr. L. Rep. (CCH) P81,292 (5th Cir. La. 2008)

…………………………………….……………        23

United Sav. Ass'n of Texas v. Timbers of Inwood Forest

Associates, Ltd., 484 U.S. 365, 371 (1988)

……………………………………………….        16


**<u>STATUTES</u>**                                                    **Page**

 28 U.S.C. § 1334

…………………………………………………        1

28 U.S.C. §§ 157(a) and (b)

………………………………………………….        1, 2

28 USCS § 158

………………………………..………………………        2, 3

11 U.S.C. § 521(a)(2)

………………………………………………………        passim

11 U.S.C. 554(c)

……………………………………………………….. 4, 6, 12-13, 22, 24

11 U.S.C. §1325(a)(5)(C)

…………………………………………….………………. 5, 12, 15

11 U.S.C. 704(a)

………………………………………………………………….. passim

Fla. Stat. 222.01

…………………………………………….………………. 7, 10


## **OTHER**

5 Collier on Bankruptcy

……………………………………………………...… 23, 24

## JURISDICTIONAL STATEMENT

### A.  Basis for Bankruptcy Court's Subject Matter Jurisdiction

The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§ 157(a) and (b), since the appellants filed for Chapter 7 bankruptcy relief under Title 11 [see, e.g., DE 2-1, bankruptcy docket entries for debtor's chapter 7 case].    The matter before the bankruptcy court was a "core proceeding" pursuant to 28 U.S.C. §§157 (b)(2)A) ("matters concerning administration of the estate") and b(2)(O) (other proceedings affecting… the adjustment of the debtor-creditor").

The heart of appellants' argument was that the real property at issue was surrendered to the chapter 7 trustee, who *fully administered* the bankruptcy estate and ultimately abandoned the property back to appellants when the case was closed [see DE 7-1, P. 45, Debtor's Memo of Law (entitled "Debtor's Brief"); DE 7-1, P. 70, Debtor's Supplemental Memo of Law].   The heart of appellee's argument was that the real property at issue was surrendered to *appellee* (i.e., the secured creditor) and *not* to the chapter 7 trustee    [see DE 7-1, P. 57, Creditor's Memo of Law; DE 7-1, P. 84, Creditor's Reply Memo].   Thus, the issue is clearly a matter "concerning administration of the estate," § 157(b)(2)(A).

Similarly, since appellee argues that appellants' "surrender" amounted to a forfeiture of their interest in the real property to the appellant-secured creditor, it

1

involves a dispute as to whether or not there was an "adjustment" due and owing appellee from the appellant, that appellants somehow violated by not surrendering directly to appellees.  Thus, the issue also involves a question arising under § 157(b)(2)(O).

## B.  Basis for District Court's Jurisdiction

The District Court has jurisdiction to entertain this appeal, pursuant to 28 USCS § 158:

> **(a)   The district courts of the United States shall have jurisdiction to hear appeals… (1)  from final judgments, orders, and decrees;**

Our case at bar involves an appeal of a  "final order" of the bankruptcy court compelling appellants to surrender their interest to the appellee pursuant to appellant's statement of intention [DE 1, P. 2, copy of final order].  There are no other proceedings pending before the parties.  The instant appeal is timely.  On February 13, 2015, the bankruptcy court entered an order granting appellants' motion to extend time to file appeal [ DE 2-2] up though February 24, 2015. Appellants thereafter filed their notice of appeal on February 24, 2015 [DE 1; see also bankruptcy docket, DE 2-1, entry #93].

Due to an inadvertent error by the bankruptcy court clerk in failing to transmit to the District Court, all of the items appellants had designated for the record on appeal, application was sought by motion to extend appellants' time for

filing their within brief up through and including May 4, 2015, and same was granted by the District Court on April 30, 2015 by Endorsed Order [ DE 10].

## GENERAL STANDARD OF APPELLATE REVIEW

If a proceeding is core, then the district court applies traditional standards of appellate review to the bankruptcy court's findings. 28 U.S.C.S. § 158(a); Fed. R. Bankr. P. 8013.   On an appeal, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree[,] or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." This Court may conduct a plenary review of any conclusions of law. Discretionary decisions must be reviewed for abuse of discretion,  *In re Tobacco Rd. Assocs., LP,* 2007 U.S. Dist. LEXIS 22990, 2007 WL 966507 (E.D. Pa. Mar. 30, 2007)

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. **Did the lower court commit a reversible error in finding that the appellants-debtors were required in a chapter 7 case under   11 U.S.C. § 521(a)(2) (*based on their filed statement of intention*), to "surrender" their real property at issue to the appellee-secured**

**creditor rather than "surrender" such interest to the *chapter 7 trustee*?**

a. Did the lower court commit a reversible error by failing to distinguish between a "retention" under §521(a)(2) and an "abandonment back to the debtor" under 11 U.S.C. 554(c) after the appellants-debtors fully complied with their duty to surrender to the chapter 7 trustee?

b. Did the lower court commit a reversible error by ignoring the argument and clear mandate of 11 U.S.C. 554(c) that expressly prescribes that "unless the court orders otherwise, any property scheduled under section 521 (a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title" ?

STANDARD OF REVIEW:  All aspects of the above first issue are governed by a plenary standard of review by this Court, since it involves conclusions of law only.

**2. Did the lower court commit a reversible error by failing to address/resolve the practical arguments made by appellants that support a finding that a chapter 7 "surrender" must as a matter of law be made to the chapter 7 trustee, because:**

a. 11 U.S.C. §521(a)(4) requires a "surrender to the trustee [of] all property of the estate";

b. if the bankruptcy code required a surrender to the secured creditor, it could have easily have expressed it the way it did in the context of a chapter 13 case under 11 U.S.C. §1325(a)(5)(C) ("the debtor surrenders the property securing such claim to such holder");

c. 11 U.S.C. 521(a)(2)(B) mandates a full and complete performance of the surrender by debtor within 30 days of the date the first meeting of creditors has been set, and it would be impractical if not impossible for a debtor to complete such performance to a secured creditor within such time, where such performance by necessity would require a debtor to sit idly by for the duration of a foreclosure case that in all likelihood would take more than 30 days from the meeting of creditors;

d. 11 U.S.C. 704(a)(1) places a duty on the trustee to liquidate property of the estate in an expeditious manner, and if the surrender was made to the secured creditor instead of to the trustee, the duty would be circumvented, depriving the estate of a potentially viable asset;

e. 11 U.S.C. §704(a)(3) places a duty upon the chapter 7 trustee to "ensure that the debtor shall perform his intention" (i.e., within 30 days after the first date set for the meeting of creditors,) and if such duty of surrender was to the creditor, it would place the trustee in the untenable position of perhaps keeping the estate open for an indeterminate amount of time while he "monitored" the debtor's compliance during the pendency of a foreclosure case taking place "beyond the four walls" of the bankruptcy courthouse.

STANDARD OF REVIEW:  All aspects of the above *second* issue are governed by a plenary standard of review by this Court, since it involves conclusions of law only.

**3. Did the lower court commit a reversible error by failing to specifically address (i.e., and not merely *mention*) appellants' argument that once the trustee abandoned the estate's interest back to the appellants-debtors pursuant to 11 U.S.C. 554(c), the vast majority of courts hold that both the debtors and the lienholder are restored to their prepetition rights in the subject property *as if no bankruptcy had been filed* in connection therewith, which if so, would permit appellants-debtors to defend the underlying foreclosure?**

a. Did the lower court commit reversible error by failing to specifically address the argument that the language of 11 U.S.C. §521(a)(2)(B) makes clear that there was no intention by Congress to alter a debtor's property rights or a trustee's property rights and that by construing the surrender to be made to the creditor instead of the trustee, actually violates the trustee's rights who was in the first instance entitled to surrender, and the debtors' rights, who in the second instance were entitled to the benefit of abandonment (i.e., "except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362 (h).")

STANDARD OF REVIEW:   All aspects of the above *third* issue are governed by a plenary standard of review by this Court, since it involves conclusions of law only.

**4.   Did the lower court commit a reversible error by failing to make a factual finding that the debtors did in fact "surrender" their property to the chapter 7 trustee by doing all things consistent with such surrender to the trustee including: declining the homestead exemption (Fla. Stat. 222.01), claiming the "wildcard" exemption (Fla. Stat. 222.25(4),   not reaffirming the mortgage, making no attempt to redeem the property or to modify the loan, such that creditor's motion to compel should have been denied as moot?**

STANDARD OF REVIEW:   To the extent the lower court made a "finding of fact" that appellants-debtors "surrendered" their real property to the appellee-secured creditor instead of to the chapter 7 trustee charged with administration of the bankruptcy estate, this Court might "seemingly" be governed by a "clearly erroneous" standard of review.   Yet, appellants submit that because their act of "surrender" did not require a *physical turnover* of the real property to any actual party, this Court must look to the legal significance of what appellants did to surrender, to determine as a *matter of law* to whom such surrender was made.   In such regard, this Court has plenary review over the lower court's determination

that the surrender was as a matter of law made to the secured creditor, rather than to the chapter 7 trustee, even if under the guise of "fact."

## STATEMENT OF FACTS

The parties stipulated in the lower court to *certain* of the facts in a Joint Pre-Trial Stipulation of Facts and Statement of Legal Issues [DE7-1, Pgs. 1-44, referred to herein as "J. Stip"].

The appellants own real property located at 1498 SW 19th Street, Boca Raton, Florida 33486 (the "Property"). (J. Stip. at ¶ 3.) On August 25, 2006, appellant David A. Failla obtained a loan (the "Loan") from HomeBanc Mortgage Corporation, and in connection therewith executed a promissory note (the "Note") payable to HomeBanc Mortgage Corporation in the principal amount of $500,000.00. (J. Stip at ¶ 4.)

As security for the Loan, the appellants executed a mortgage (the "Mortgage") on August 25, 2006, pledging the Property as collateral. (J. Stip at ¶ 5.) The Mortgage was recorded on September 12, 2006, in Official Records Book 20836, Page 0544 et al. of the Official Records of Palm Beach County, Florida. (J. Stip  at ¶ 6.)  Subsequently, the appellants defaulted under the Note and Mortgage. (J. Stip at ¶ 7.)   On July 7, 2009, appellee filed a complaint to foreclose the

Mortgage and re-establish the Note in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") (J Stip at ¶ 7).

Thereafter, on August 31, 2011, the appellants filed their Chapter 7 Voluntary Petition [DE 5-3, P. 1]. On the same day, the appellants filed their Schedules A through J (the "Schedules"), in which the appellants made declarations concerning the Property and the Mortgage under penalty of perjury. The appellants stated that they own the Property, the Property is encumbered by the Mortgage, and the Mortgage is a valid first mortgage lien on the Property and represents a non-contingent, liquidated, and undisputed secured claim against the appellants and the Property.   The appellants declared that the amount they owe pursuant to the Loan exceeds the value of the Property. On September 2, 2011, the appellants filed their Statement of Intention [DE 5-3, P. 40] in which they declared under penalty of perjury their intention to surrender the Property pursuant to 11 U.S.C. § 521(a)(2)(A).

On October 12, 2011, chapter 7 trustee Michael R. Bakst filed his Report of No Distribution, certifying that the bankruptcy estate was "fully administered" [DE 2-1, P. 3, entry #14].  On October 14, 2011, the appellants *attempted* to amend their Statement of Intention to instead declare an intention to reaffirm the Mortgage and Loan [DE 5-3, P. 50-51] ,  however, the statement was untimely and

invalid under applicable law, and therefore, did not result in the amendment of the original Statement of Intention. (J. Stip. at ¶ 15.)

On December 16, 2011, the Court issued the Order Discharging Debtor(s) [DE 5-3, P. 52] and on December 19, 2011, the Clerk of the Court closed the Debtors' case See Final Decree and Discharge of Trustee [DE 2-1, P. 5, entry # 25].   Subsequently, the State Court set a non-jury trial for August 21, 2013, regarding the Property. (J. Stip. at ¶ 17.)   As of December 1, 2014, and since September 2, 2011, the appellants have retained possession and title to the Property, and opposed appellee's action to foreclose on the Mortgage in the State Court. (J. Stip. at ¶ 18). [1]

In their underlying bankruptcy case, appellants did not claim the homestead exemption (Fla. Stat. 222.01), opting instead to claim the "wildcard" exemption (Fla. Stat. 222.25(4).   Appellants also did not reaffirm the Mortgage, nor did appellants make any attempt to redeem the property or to modify the loan.  [See generally, bankruptcy docket, DE 2-1, throughout]. Appellants maintained throughout their arguments on the appellee's motion to compel surrender, that these actions (*or inactions*) in conjunction with the law, prove that appellant

---

[1] In order to comply with the order being appealed from [DE 1, P2] and resolve a subsequently made motion for sanctions for disobeying  same, the parties agreed for appellants to withdraw their state court answer and defenses in exchange for an *elongated* sale date on the judgement of foreclosure that would be entered as a result thereof. It was intended to allow the parties to obtain a disposition of the within appeal, with minimal damages to all parties, including any *would-be* purchaser(s) that would otherwise have been entitled to possession on a conventional sale date.

actually "surrendered" the Property to the chapter 7 trustee and that the issue of "surrender" was accordingly moot [see generally, Debtors' Memorandum of Law, DE 7-1, starting at P. 45; also see P. 48 concerning the general obligation to surrender to the chapter 7 trustee].

On December 19, 2014, the bankruptcy court issued and entered its order (the "final order") [DE 1, starting at P. 2] finding that the "surrender" obligation referred to in 11 U.S.C. §521(a)(2) mandates a surrender to the secured creditor and not to the chapter 7 trustee (see the final order at P. 13).

## SUMMARY OF APPELLANTS' ARGUMENTS

The lower court committed reversible error by first, finding as a matter of law, that the appellants were required in a chapter 7 case under 11 U.S.C. § 521(a)(2) (*based on their filed "Statement of Intention"*) to "surrender" the Property to the appellee-secured creditor, rather than to the chapter 7 trustee, as the appellants maintained they did.   Second, having found that appellants were required to "surrender" the property to the appellee-secured creditor, the lower court improperly ordered the appellants to "throw down their state court foreclosure defenses" to enable it to proceed uncontested, since it was inconsistent with the lower court's interpretation of "surrender" to the secured creditor.

In doing so, the lower court ignored all of appellants' arguments and supporting statutes that should have led to a finding as a matter of law that

"surrender" *could only* be to a chapter 7 trustee and not to a secured creditor (e.g., 11 U.S.C. §521(a)(4); 11 U.S.C. §1325(a)(5)(C); 11 U.S.C. 521(a)(2)(B); 11 U.S.C. 704(a)(1); and 11 U.S.C. §704(a)(3)).  The lower court also ignored facts that were consistent with the appellants' surrender to the chapter 7 trustee (no election of homestead exemption, no redemption, no reaffirmation, etc.).

     Besides ignoring appellants' "surrender to the trustee" arguments and the statutes that are entirely consistent with such surrender to the chapter 7 trustee, the lower court *also* ignored the implications of a lawful *abandonment* of property *back* to the debtor under 11 U.S.C. § 554(c), which sometimes results (as it arguably did here) when a debtor surrenders property to the chapter 7 trustee  *- as is the debtor's general obligation under §521(a)(4)* – and for whatever reason - the chapter 7 trustee determines that the property is more of a burden than a benefit to the estate– and accordingly abandons the property back to the debtor.

     This is just what appellants argued had happened, to the lower court. Appellants also argued to the lower court that a legion of cases hold that when an "abandonment" of property to the debtor takes place under 11 U.S.C. §554(c),  it places the parties (debtor and creditor) into the same position that they were in regarding that property, *as if the bankruptcy case was never filed*. A return to status quo, of sorts.

Indeed, it is hard to believe that a decision/order of the lower court could rightfully have been *had* on this issue of "surrender" without even an "honorable mention" of the §554(c) "abandonment statute" and the cases that place debtor and creditor back into a prepetition "status quo."     It is as if the statute was non-existent to the lower court.

Rather than address the *meaning* and significance (much less the *mention*) of § 554(c), the lower court summarily concludes that "if the Court determined that the Debtors already properly surrendered the Property to the Trustee, they would be effectively permitted to retain the Property…" [DE 1, P. 10, 1st ¶ ].

And therein lies the egregious error on the lower court's part.

Rather than looking at the case *at the time it was unfolding before its eyes*, to realize that a surrender to a chapter 7 trustee was not without its risks to these or any other surrendering debtors *as appellants had argued*, the lower court *fast-forwarded* to the particular result in this case *that it did not like*, and found that an abandonment – even under §554(c) – although not so named -  would constitute some sort of unfair or unlawful "retention" under 11 U.S.C. §521(a)(1) simply because the trustee in this particular case chose to abandon rather than liquidate.

By the lower court's rationale, this Court should wonder whether in the converse scenario, would the lower court have *sustained* an objection to a trustee's proposed sale of "surrendered" property  on the basis that the property was

surrendered to the secured creditor, the property was no longer property of the estate, and the trustee lacked standing to conduct the sale?

The rule or law regarding "to whom" a property is surrendered to, cannot hinge on whether the lower courts like the end-results or they despise them.  The choice must be made at the moment of surrender.  For all of the reasons appellants advanced on the record below and in the arguments in this brief,  it is submitted that surrender in a chapter 7 case can only be to a chapter 7 trustee.

Since the surrender can only be to the chapter 7 trustee, in a case such as this, where the surrender was made to the chapter 7 trustee, the issue of whether or not there was an unlawful "retention" of property under 11 U.S.C. § 521(a)(2)(A) becomes moot at the moment of surrender, since "surrender" is one of the choices listed under §521(a)(2)(A).

Since the issue of unlawful retention was rendered moot by appellants' surrender to the chapter 7 trustee, the lower court, as appellants argued, should have denied appellee's motion to compel in its entirety.

## <u>ARGUMENT 1</u>

THE LOWER COURT COMMITTED REVERSIBLE ERROR BY FINDING AS A MATTER OF LAW, THAT THE APPELLANTS WERE REQUIRED IN A CHAPTER 7 CASE UNDER 11 U.S.C. § 521(A)(2) (BASED ON THEIR FILED "STATEMENT OF INTENTION") TO "SURRENDER" THE PROPERTY TO THE APPELLEE-SECURED CREDITOR, RATHER THAN TO THE CHAPTER 7 TRUSTEE, AS THE APPELLANTS MAINTAINED THEY DID.

As appellants had argued on the record below, if Congress intended chapter 7 debtors *electing* to "surrender" to *actually* surrender to secured creditors, it certainly could have so stated, as it did expressly in the context of a chapter 13 case, 11 U.S.C. §1325(a)(5)(C) ("the debtor surrenders the property securing such claim to such holder").  Yet, § 521(a)(2)(A) contains no such identical counterpart. [appellants' argument, DE 7-1, P. 46].

Although the lower court was quick to point out that "§521(a)(2) does not explicitly require the Debtors to surrender the Property "to the Trustee" [see Order, DE 1, P. 10, top ¶ ], the lower court ignored appellants' arguments that §521(a)(4) *did* in fact make clear that there was a general obligation on the debtor to surrender such property to the chapter 7 trustee [see  appellants' arguments, DE 7-1, P. 47; P. 48; and P. 49; see also DE 7, P. 71].

§ 521(a)(4), in pertinent part, setting forth as follows:

> [the debtor shall …]
>
> … (4) if a trustee is serving in the case or an auditor is serving under section 586 (f) of title 28, **surrender to the trustee all property of the estate** [emph. added] and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title

**Lower Court Ignores "Compatibility Test**

In trying to come to terms with what exactly a chapter 7 "surrender" meant in terms of "to whom" that surrender is made, both appellants and appellees had

agreed on the record below, that "a provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only **one** [emph added] of the permissible meanings produces a substantive effect that is compatible with the rest of the law," *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988). [appellants' at DE 7-1, Pgs. 70 and 71, and appellee at DE 7-1, P. 59, ¶ 4].

Based on the forgoing premise, appellants then presented to the lower court, their "test for compatibility" to see whether or not the remaining statutory scheme would support or contradict appellants' position that surrender <u>had</u> to be made to the chapter 7 trustee [appellants setting out their complete "test" at DE 7, Pgs. 72-73]. In such regard, appellants spoke about 521(a)(4) mandating that the debtor was to surrender to the trustee…all property… of the estate." Appellants spoke about 521(a)(2)(B). This statute requires:

> **Within 30 days after the first date set for the meeting of creditors under section 341 (a), or within such additional time as the court, for cause, within such 30-day period fixes, [the debtor must] perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;…**

Appellants made the point that *absent* an extension of time granted by the court within such 30 day period, 521(a)(2)(B), mandates a full and complete performance within such time; it does not talk about "partial performance" nor does it talk about a performance that is to take place some two years later after the

debtors' bankruptcy case has been fully administered and closed, as appellee would have appellants do now.  Appellants argued that debtors could surrender his property interest within 30 days if that surrender was to the chapter 7 trustee [appellants  at DE 7, Pgs. 72-73].

Appellants also argued to the lower court  that the (a)(2)(A) surrender to the trustee is also "compatible" with <u>11 U.S.C.S. § 704(a)(1) and (a)(3) which mandate</u>:

> **(a) The trustee shall--**
> **(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously  as is compatible with the best interests of parties in interest;**
> **… (3) ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title [11 USCS § 521(a)(2)(B)];**

Appellants next applied their "compatibility test" to the *appellee's* argument that surrender is made to the secured creditor as opposed to the chapter 7 trustee [appellants' "compatibility test" applied to appellee's proposition that surrender is made to secured creditor,  at DE 7-1, Pgs. 73-76].  Appellants applied an analysis which illustrated how the above referenced "companion" statutes are simply not compatible with surrender to a secured creditor.

11 U.S.C. 521(a)(4) contained no mention of a surrender to a secured creditor.  11 U.S.C. 521(a)(2)(B) mandates a full and complete performance of the surrender by debtor within 30 days of the date the first meeting of creditors has been set, and the likelihood of a debtor being able to complete his performance of

surrender "to a secured creditor" within such time was extremely slim.  This is because it would require a debtor to "continue his/her performance" by remaining "quiet and still" whilst the creditor moved through the various phases of the foreclosure litigation in state court – a process highly unlikely to be completed within 30 days of the first date set for the meeting of creditors.

11 U.S.C. 704(a)(1) places a duty on the trustee to liquidate property of the estate. Property of the estate is defined by <u>11 U.S.C. § 541, in pertinent part, as follows</u>:

> **(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:**
> **(1) Except as provided in subsections (b) and (c)(2) of this section<u>, all legal or equitable interests of the debtor in property</u> [emph. added] as of the commencement of the case.**

Appellants pointed out to the lower court [appellants at DE 7-1, P. 75] that nowhere in 11 U.S.C. §541 is there some express, special "carve-out" for a debtor that "surrenders" property to his/her secured creditor. Thus, it appears that the Property at issue in our case at bar, was a legal and equitable interest of our appellants and was consequently property of the bankruptcy estate, which gave rise to the chapter 7 trustee's duty under 704(a)(1) to liquidate (if feasible), assuming appellants surrendered such property – as is the assertion in the case at bar.

Appellants argued to the lower court that appellee-creditor could have approached the chapter 7 trustee during the time period that the estate held the property, and could have actually "short-cutted" the entire foreclosure process by making a deal with the trustee to take back a deed in lieu of foreclosure (i.e., a buyout of the estate's interest) – a deal which most certainly would have benefitted the appellee both in terms of time and cost over the more lengthy alternative of continuing to foreclose [appellants at DE 7-1, P. 75]. It is interesting to note that while the lower court completely ignored appellants' test for compatibility in its order [DE 1, P. 2]  - including this *particular point* about the appellee having been free to make a "short-cut" deal with the trustee, the lower court spoke about "issues of fairness" and the debtor getting some "unfair advantage" if the property somehow (*even apparently lawfully under the "abandonment statute"*) winds up back in the debtor's lap [see order, DE 1, P. 10, bottom two paragraphs].

The problem with the lower court's analysis was that it *fast-forwarded* to the result (i.e, the appellants defending their foreclosure case), decided that it did not like that result, and determined that the surrender *just had to be* to the secured creditor "in the name of fairness."   Having superimposed its own notion of fairness (and ignoring that the secured creditor *could* have bargained for an exchange with the trustee), by necessity and at all cost, the lower court had to avoid delving into the interplay of the statutes appellants set out before it (i.e., 11

U.S.C. 521(a)(4); 521(a)(2)(B); 11 U.S.C. 704(a)(1); and 11 U.S.C. 704(a)(3) because those statutes clearly cut against the grain of a surrender to the secured creditor.    Continuing, appellants also argued to the lower court that creditor's proposition of surrender to it rather than the trustee, was not "compatible" with 11 U.S.C. §704(a)(3) which placed a duty upon the chapter 7 trustee to "ensure that the debtor shall perform his intention" [appellants at DE 7-1, P. 76].

Appellants argued that this one was a matter of practicality. 704(a)(1) places the trustee under a duty to liquidate property of the estate … and close such estate as expeditiously as is compatible with the best interests of the parties in interest. Yet, if debtors' "performance of intention" necessarily stretches out to a period of months or perhaps even years while a creditor struggles to successfully foreclose on a premises, it would necessitate the bankruptcy estate remaining open and active until the completion of such foreclosure, and would impose on the chapter 7 trustee a duty that extends beyond the four walls of the bankruptcy courthouse; essentially elevating (or relegating) the chapter 7 trustee to "policing" the state court foreclosure proceeding, in an effort to continually determine that debtors were meeting their "complete performance of intention" to surrender to the secured creditor.  Appellants had argued this was a preposterous proposition [appellants at DE 7-1, P. 76].

Appellants had also argued [appellants at DE 7-1, P. 76] that appellee's reliance upon *In re Cornejo*, 342 B.R. 834, 837 (Bankr. M.D. Fla. 2005) was entirely misplaced [DE 7-1, Pg. 60, ¶ 7, "Debtors relinquished any right to or interest in the Property and agreed to make the Property available to the secured creditor"]. In fact, as appellants had argued, <u>Cornejo</u> makes the following salient points:

> **The purpose of 11 U.S.C. § 521(2) is to provide secured creditors notice of debtor's intentions with respect to the retention or surrender of collateral.**
> **… The Debtor relinquishes its interest in the collateral when an intention to surrender is communicated. <u>The collateral becomes part of the bankruptcy estate,</u> [emph. added] since the vehicle would not be claimed as exempt, pursuant to 11 U.S.C. § 522(b)(2).**

Appellants also pointed out to the lower court, that there was no real precedent on the issue of "to whom is a surrender made." *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir. 1993) was a case that was solely focused on the "retention" option of 11 USC §521(a)(2)(A) and it's only comment about "surrender" to a secured creditor came in the form of non-binding *dictum* [appellants at 7-1, Pgs. 77-78].   Similarly, appellants had argued that *In re Steinberg*, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011) was also dealing with the issue of "ride-through" similar to the <u>Taylor</u> court, and simply relied on the <u>Taylor</u> dictum.

None of the cases cited to by appellees or the lower court actually confronted the issue of the surrender actually being made to the chapter 7 trustee.

For all of the above reasons, appellants submit that this Court should find (as the lower court *should* have found) that "surrender" under 11 U.S.C. 521(a)(2)(A) could only be to the chapter 7 trustee.


## ARGUMENT 2

**THE LOWER COURT COMMITTED REVERSIBLE ERROR BY VIRTUALLY IGNORING 11 U.S.C. § 554(c) IN ITS ENTIRETY, AND THE RAMIFICATIONS OF WHAT AN ABANDONMENT BACK TO THE DEBTOR ACTUALLY MEANS.**

There is only one passing comment by the lower court [DE 1, P 8] that "The Debtors contend that the Trustee abandoned the Property and thus that it reverted back to them because they were restored to their pre-petition rights." The lower court does not visit the "soundness" or "unsoundness" of that proposition, and makes no mention of 11 U.S.C. § 554(c) by name.

Yet, appellants went through great lengths to argue that an abandonment back to the debtors pursuant to 11 U.S.C. § 554(c) was not tantamount to an unlawful retention under 11 USC § 521(a)(2)(A) because the statutes were describing two completely different scenarios [appellants, DE 7-1, Pgs. 50-53].

See *Dewsnup v. Timm* (In re Timm), 908 F.2d 588, 590 (10th Cir. 1990) (the property "reverts to the debtor and stands as if no bankruptcy petition was filed" [emph added] (citations omitted)), aff'd, 502 U.S. 410, 116 L. Ed. 2d 903, 112 S.

Ct. 773 (1992); In accord, *In re Jandous Electric Constr. Corp.*, 96 B.R. 462, 1989 Bankr. LEXIS 288 (Bankr. S.D.N.Y. 1989); and *In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D. Utah 1981) (interpreting § 554 prior to the 1984 amendment and holding that § 554 is "in keeping with cases under former law which hold that title and right to the property reverts to its pre-bankruptcy status.") [emph.added]; 5 *Collier on Bankruptcy* P 554.02[3] (15th ed. as revised June 2002).   The Supreme Court held that this was the outcome under the Bankruptcy Act, at least as to the question of title (see *Brown v. O'Keefe*, 300 U.S. 598, 602, 81 L. Ed. 827, 57 S. Ct. 543 (1937) (title reverts to the debtor as of the petition date)[emph. added], and Congress gave no indication that it was altering that outcome under the Bankruptcy Code (either before or after the Code's amendment to add § 521(2)(A)). *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380, 2008 U.S. App. LEXIS 14904, Bankr. L. Rep. (CCH) P81,292 (5th Cir. La. 2008) ("Property abandoned under § 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed. [emph. added] 11 U.S.C.S. § 554").  *Huren v. Emplrs Mut. Cas. Co*., 2008 U.S. Dist. LEXIS 88271 (W.D. La. Oct. 21, 2008) ("Shortly after the meeting, the trustee formally abandoned the claim pursuant to 11 U.S.C. § 554, id., and the interest in the claim reverted to the debtors as though the bankruptcy had never been filed, [emph. added] see § 554; 5 *Collier on Bankruptcy* § 554.02[3]; see also *In re In re Lair*, 235 B.R. at 22; *In re CVA Gen. Contractors, Inc*., 267

B.R. 773, 780 n. 7 (Bankr. W. D. Tex. 2001)"). *Gasprom, Inc. v. Fateh* (In re Gasprom, Inc.), 500 B.R. 598, 2013 Bankr. LEXIS 4604, Bankr. L. Rep. (CCH) P82,531, 70 *Collier Bankr. Cas*. 2d (MB) 977, 58 Bankr. Ct. Dec. 178 (B.A.P. 9th Cir. 2013) ("In *Dewsnup v. Timm*, the United States Court of Appeals for the Tenth Circuit held that 11 U.S.C.S. § 554(a) allows abandonment of property that is burdensome to a debtor's bankruptcy estate, or that is of inconsequential value and benefit to an estate. Property abandoned under § 554(a) ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed") [emph. added].

Appellants had also argued that the § 554(c) abandonment statute (as well as the 11 U.S.C. § 521(a)(2)(A) "surrender to trustee" proposition) are both bolstered by 11  U.S.C. § 521(a)(2)(B) which makes clear that there was no intention by Congress to alter a debtor's property rights (upon abandonment to it) or a trustee's property rights (right to surrendered property) and that a construction of 11 USC § 521(a)(2)(A) providing for surrender to the secured creditor would violate both the trustee's substantive rights to surrendered property and a debtor's substantive rights to property abandoned to him from the trustee [ DE 7-1, P. 47].

Rather than address the interplay between 11 U.S.C. § 521(a) and § 554(c), the lower court simply chose not to address appellants' § 554(c) arguments.

For all of the forgoing reasons, it is submitted that the lower court committed reversible error.

## CONCLUSION

This Court should find that appellants lawfully surrendered the Property to the chapter 7 trustee, rendering the issue of "surrender" moot. This Court should also find that when the chapter 7 trustee abandoned the estate's interest back to the appellants and the case was closed, the appellants (and the appellee) were both restored to their prepetition status quo as though no bankruptcy case had been filed. This placed the appellants in a situation where they could lawfully raise any defenses to a foreclosure complaint, and lawfully defend a foreclosure action, as an incident of property ownership.

The lower court's order should be reversed and the appellee's underlying motion to compel be denied in its entirety.

DATED THIS 4TH DAY OF MAY 2015

Respectfully Submitted,
*/s/ Michael E. Zapin*
MICHAEL E. ZAPIN
ATTORNEY FOR THE APPELLANTS
FL STATE BAR NUMBER:  0037264
20283 State Road 7, Suite 400
Boca Raton, FL 33498
Tel.   561.367.1444
Fax.   561.948-2085
michaelezapin@gmail.com

25